# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO: CR05-049-S-EJL |
| **Plaintiff,** | |
| vs. | **MEMORANDUM ORDER** |
| **DAVID CARBAJAL-RENDON,** | |
| **Defendant.** | |

Pending before the Court in the above-entitled matter are Defendant's motions to sever charges and motion to suppress. The government has responded to both motions and the matter is now ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2).

### Discussion

On March 8, 2005 the government filed an indictment charging the Defendant David Carbajal-Rendon with one count of Removed Alien Found in the United States (8 U.S.C. § 1326), two counts of Felon in Possession of a Firearm (18 U.S.C. §§ 922(g)(1), 2), and two counts of Alien in Possession

of a Firearm (18 U.S.C. §§ 922(g)(5)(A), 2).  (Dkt. No. 1).  Defendant seeks to sever the counts into three separate trials; one for each of the different charges.  (Dkt. No. 9).  The motion asserts that were the trial to proceed on all charges that the government would be able to introduce evidence as to certain charges that would prejudice the jury as to those charges to which the evidence did not relate.  Specifically, evidence of the prior felony conviction and his earlier deportation.  The government opposes the motion.

Federal Rule of Criminal Procedure 14(a) provides "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  District courts are afforded wide discretion in ruling on a severance. See United States v. Matus-Leva, 311 F.3d 1214, 1217 (9th Cir. 2002).  "[T]he risk of prejudice posed by joint trials can be cured by proper jury instructions." United State v. Nelson, 137 F.3d 1094, 1107 (9th Cir. 1998) (citing Zafiro v. United States, 506 U.S. 534, 540-41 (1993)).  "A defendant seeking severance based on the spillover effect of evidence admitted against a co-defendant must also demonstrate the insufficiency of limiting instructions given by the judge." Id. (citation and quotations omitted).

Defendant cites to United States v. Nguyen, 88 F.3d 812 (9th Cir. 1996) in support of his motion.  In particular, Defendant points to the Ninth Circuit's conclusion that where a defendant is charged as a felon in possession of a firearm and another felony charge, severance of the felon in possession charge is preferred.  (Dkt. No. 9, p. 4).  The court in Nguyen proceeded to trial on charges contained in two separate indictments charging conspiracy to transfer an unregistered firearm and felon in possession of a firearm. Id.  The Ninth Circuit recognized "that trying a felon in possession count together with other felony charges creates a very dangerous situation because the jury might improperly consider the evidence of a prior conviction when deliberating about the other felony charges, i.e. convict the defendant because he is a 'bad guy' or convict because 'he committed a crime before and probably did this one too.'" Id. at 815.  Thus, a "trial court should do whatever is possible to minimize the chance of prejudice" by either severance of the counts, bifurcation of the trial to

separate the felon in possession count from the other counts, or stipulation to the prior felony so that the jury does not hear about the prior bad act.  Id.   The trial court in Nguyen used only a cautionary jury instructions to eliminate any prejudice.  While not the "preferred" method, the Ninth Circuit held that the trial court did not abuse its discretion in joining the indictments for trial.  Id.

Recognizing the "dangerous situation" that is presented in cases involving a felon in possession charges joined with other charges and the need for caution, the Court is confident that it can safeguard the Defendant's right to a impartial jury without severing the charges in this matter. In Nguyen, the Ninth Circuit stated "This opinion is published to alert trial judges and prosecutors that the practice of consolidating 'felon in possession charges' without properly safeguarding the defendant from the prejudicial effect of introducing evidence of the prior felony with other unrelated felony charges is not looked upon with favor by this Circuit, or, for that matter, by other Circuits." Id. at 815. The charges in this case, however, are contained in a single indictment and are not "unrelated" but, instead, inextricably intertwined.  The counts relate to a single set of factual events which, were the counts to be severed, would necessitate the presentation of nearly identical trials before multiple juries. The elements of the charged offenses are not so difficult that a jury would not be able to easily keep them compartmentalized as to each crime.  Given the proper instructions, the jury will be able to, as is their duty, apply the appropriate evidence to the elements of the crimes as they are instructed. Therefore, the motion to sever is denied.

## ORDER

Based on the foregoing and being fully advised in the premises the Court finds as follows:

1)   Defendant's motion to suppress (Dkt. No. 10) is **UNDER ADVISEMENT**.  A hearing on the motion is scheduled for **Monday July 25, 2005 at 9:30 a.m.** in Boise, Idaho.

2)   Defendant's motion to sever (Dkt. No. 9) is **DENIED**.  The trial shall proceed as scheduled on **Tuesday, July 26, 2005 at 9:30 a.m.** in Boise, Idaho.

DATED:  **July 11, 2005**

Honorable Edward J. Lodge
U. S. District Judge